# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JORGE BAEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>BAYMARK DETOXIFICATION SERVICES, INC.,<br><br>    Defendant. | Civil Action No.<br><br>[On removal from Hampden County Superior Court, Civil Action No. 2179CV00605] |

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:**

Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, BayMark Detoxification Services, Inc. ("BayMark" or "Defendant") hereby gives notice of the removal of the civil action entitled *Jorge Baez v. Baymark Detoxification Services, Inc.*, Civil Action No. 2179CV00605, from the Superior Court of Hampden County, Massachusetts (the "State Court Action"), to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, and pursuant to 28 U.S.C. §1446(a), Defendant attaches as Exhibit A hereto a copy of all process and pleadings served on Defendant in the State Court Action, and states as follows:

## I.  TIMELINESS OF REMOVAL

1. Plaintiff Jorge Baez ("Plaintiff") filed his Complaint (the "Complaint") on or about November 23, 2021. Defendant was served with the Complaint on December 17, 2021. This Notice of Removal is, therefore, being timely filed within thirty days of notice of the State Court Action as required under 28 U.S.C. § 1446(b).

## II. JURISDICTION AND GROUNDS FOR REMOVAL

2. Defendant is entitled to remove the State Court Action to this Court, pursuant to 28 U.S.C. § 1441(a), which entitles a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). As set forth below, the requirements for diversity jurisdiction are met in this case because the parties are completely diverse in citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332.

## III. THE PARTIES

3. Upon information and belief, Plaintiff Jorge Baez is a citizen of Springfield, Hampden County, Massachusetts. *See* Compl. ¶1.

4. Defendant BayMark Detoxification Services, Inc. is a Delaware corporation with its principal place of business in Texas. *See* Compl. ¶2; Exhibit B (Foreign Corporation Certificate of Registration Filed with Massachusetts Secretary of the Commonwealth on August 23, 2018).

## IV. AMOUNT IN CONTROVERSY

5. Although Defendant vigorously denies it has any liability whatsoever to Plaintiff, given the nature of the allegations brought in the Complaint, it is reasonably probable that the amount in controversy in this action, exclusive of interest and costs, exceeds $75,000. *See* 28 U.S.C. § 1332(a).

6. Plaintiff asserts claims of discrimination pursuant to "G.L. 151B § 16" and retaliation pursuant to "G.L. 151B § 4A".[1]

---

[1] Plaintiff likely intended to assert causes of action pursuant to G.L. c. 151B §§ 4(16) and 4(4)(a).

7.     In his Civil Action Cover Sheet, Plaintiff alleges damages "[i]n excess of $50,000".  See Exhibit A.

8.     Plaintiff was never employed by the Defendant but, regardless, his annualized rate of pay at the time of his termination from the employment that is the subject of this action was $61,380.80.[2]  Given that Plaintiff was terminated in November 2020, even if judgment in this case entered as soon as March 2022, which is exceedingly unlikely, a potential back pay award *alone* would place in controversy an amount exceeding $75,000.  See *Bates v. Life Care Centers of Am., Inc.*, 989 F. Supp. 2d 176, 179 (D. Mass. 2013); *see also McCarthy v. Bank of New York/Mellon*, No. CIV.A.10-10486-GAO, 2010 WL 2144241, at *1 (D. Mass. May 27, 2010) (discussing back pay calculations for amount in controversy in diversity suit based upon termination in violation Massachusetts General Laws chapter 151B).

9.     Plaintiff has also asserted damages for front pay and emotional damages, and Massachusetts law allows for punitive damages and attorneys' fees. See G.L. c. 151B § 9.  While again Defendant denies any and all liability to Plaintiff, these potential damages further contribute to an amount in controversy that easily exceeds the jurisdictional threshold.  See *Lucas v. Ultima Framingham LLC*, 973 F. Supp. 2d 98, 101 (D. Mass. 2013) ("a court must take into account attorneys' fees where, as here, the award of those fees is statutorily authorized").

### V.     REMOVAL TO THIS COURT IS PROPER

10.    Because this case was initially filed in the Superior Court of Hampden County, the Western Division of the United States District Court for the District of Massachusetts is the proper Court to which removal should be effectuated, as required for removal under 28 U.S.C. §§ 1441(a) and 1446(a).

---

[2] See *Affidavit of Cindy Novak* attached hereto as Exhibit C.

**VI.** **NOTICE**

11. Copies of this Notice of Removal are being served upon Plaintiff and filed with the Clerk of Court of the Hampden County Superior Court, Commonwealth of Massachusetts, in satisfaction of 28 U.S.C. § 1446(d).

**VII.** **NON-WAIVER OF DEFENSES**

12. Defendant reserves the right to raise all defenses and objections to the Amended Complaint and allegations set forth therein after the State Court Action is removed to this Court.

WHEREFORE, Defendant BayMark Detoxification Services, Inc. respectfully requests that this action, now pending in the Hampden County Superior Court, Commonwealth of Massachusetts, be removed to the United States District Court for the District of Massachusetts, Western Division.

Respectfully submitted,

**BAYMARK DETOXIFICATION SERVICES, INC.**
By its attorneys,

*/s/ Richard S. Loftus*
Richard S. Loftus (BBO# 670574)
   *rloftus@hrwlawyers.com*
Samuel R. Gates (BBO# 684907)
   *sgates@hrwlawyers.com*
Hirsch Roberts Weinstein LLP
24 Federal Street, 12th Floor
Boston, MA  02110
Phone: (617) 348-4300
Fax: (617) 348-4343

Dated: January 6, 2022

## **CERTIFICATE OF SERVICE**

      I, Richard S. Loftus, hereby certify that this document, filed through the Electronic Case Filing (ECF) system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 6, 2022.

                                              */s/ Richard S. Loftus*