# United States Court of Appeals
## For the First Circuit

Nos. 24-1171, 24-1490

JORGE BAEZ,

Plaintiff, Appellant,

v.

BAYMARK DETOXIFICATION SERVICES, INC.,

Defendant, Appellee.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Mark G. Mastroianni, U.S. District Judge]

Before

Rikelman, Selya, and Lynch,
Circuit Judges.

Tani E. Sapirstein and Sapirstein & Sapirstein, P.C. on brief for appellant.
Richard S. Loftus, Samuel R. Gates, and Hirsch Roberts Weinstein, LLP on brief for appellee.

December 12, 2024

**LYNCH**, <u>Circuit Judge</u>.  This case illustrates the importance of suing the correct party and the dangers of ignoring federal court scheduling orders.  Jorge Baez sued BayMark Detoxification Services, Inc., alleging BayMark Detox. was his former employer and asserting claims of disability discrimination under Mass. Gen. Laws ch. 151B, § 4.  Baez was informed numerous times by the defendant he sued that he had sued the wrong party.  Nonetheless, Baez made no timely attempt to seek to amend his complaint to assert his claims against the correct former employer.  It was not until BayMark Detox. moved for summary judgment on the ground that it was not at any time Baez's employer that Baez argued briefly in his opposition that he should be allowed to amend his complaint.  The district court granted summary judgment to BayMark Detox., denied Baez's Rule 60(b) motion for relief from that judgment, and ordered Baez to pay BayMark Detox.'s costs.  <u>Baez</u> v. <u>BayMark Detoxification Servs., Inc.</u>, No. 22-CV-30001, 2024 WL 199650, at *4 (D. Mass. Jan. 18, 2024).  Baez appeals from all three orders.  We affirm.

I.

We state the undisputed facts of record.

Baez began working for Community Health Care, Inc. d/b/a Health Care Resource Centers ("CHC") in August of 1997 as a counselor at its facility in Chicopee, Massachusetts.  In 2017, BayMark Health Services, Inc. ("BHS") acquired CHC.  During the

COVID-19 pandemic, Baez was permitted to work from home for a period beginning in August of 2020. On October 23, 2020, a routine audit of the working hours Baez reported to CHC uncovered billing "errors." This led to both a revocation of Baez's authorization to work remotely on October 30, 2020, and to the employer's consideration of terminating his employment. Shortly afterward, also on October 30, 2020, Baez requested that he be permitted to work at home again as an accommodation for what he said were his ongoing health issues, including cellulitis. Baez's employment was terminated on November 10, 2020.[1]

Baez filed this suit against BayMark Detox. in Massachusetts Superior Court on November 23, 2021, alleging that his employment was terminated in violation of Mass. Gen. Laws ch. 151B, § 4. BayMark Detox. removed the case to federal court based on diversity of citizenship. BayMark Detox., like CHC, is a subsidiary of BHS and is registered to do business in Massachusetts, but BayMark Detox. and CHC have no connection to one another.

---

[1] Baez filed a Complaint of Discrimination with the Massachusetts Commission Against Discrimination naming CHC as his employer. CHC then filed a position statement with the MCAD in which CHC asked the MCAD to "issue a finding of Lack of Probable Cause and dismiss [Baez's] action" and asserted that "at all relevant times for the purposes of this matter, [Baez has] been employed by BayMark as a Counselor," with "BayMark" having earlier been defined as "Health Care Resource Centers, a subsidiary of BayMark Health Services, Inc." The MCAD dismissed Baez's Complaint in July of 2021.

In its answer to Baez's complaint, BayMark Detox. stated that "[Baez] was never employed by [BayMark Detox.]" and asserted, among other things, that "[Baez's] claims [we]re barred for lack of any legally significant, contractual, or other relationship between the parties" and because "[Baez] failed to join a necessary party." BayMark Detox. complied with Baez's discovery requests.

The district court referred adjudication of all non-dispositive pretrial matters to a magistrate judge, and on August 18, 2022, the magistrate judge issued a scheduling order setting an October 28, 2022 deadline for "[f]iling of motions for leave to amend the pleadings to add parties, claims, or defenses." Baez did not seek to amend his complaint to add either CHC or BHS as parties at any point prior to that October 28, 2022 deadline.

On October 11, 2023, BayMark Detox. moved for summary judgment on the ground that Mass. Gen. Laws ch. 151B, § 4 only authorizes relief against entities who engaged in "actionable discriminatory conduct," quoting McLaughlin v. City of Lowell, 992 N.E.2d 1036, 1058 (Mass. App. Ct. 2013), and that there was "no evidence that there was any act taken by [BayMark Detox.] toward Baez at all" because the undisputed facts established that "[BayMark Detox.] is an entirely separate entity from Baez's former employer, CHC."

Baez's November 15, 2023 opposition to summary judgment did not dispute that BayMark Detox. had never employed Baez.

Instead, Baez asserted that "[a]fter the acquisition of CHC by BHS, Baez was an employee of BHS and not CHC" and that "BHS is not registered to do business in the Commonwealth of Massachusetts and therefore has no registered agent for service of process." Baez explained that "Plaintiff served [BayMark Detox.] through its registered agent for service of process" because BHS was not registered to do business in Massachusetts but BayMark Detox. was. Baez contended that "BHS and [BayMark Detox.] are related parties as BHS is the parent company of Defendant" and "[n]either [BayMark Detox.] nor BHS should be able to avoid liability by failing and neglecting to comply with the legal requirements necessary to do business in Massachusetts." Baez also requested, for the first time and as part of his opposition to BayMark Detox.'s motion for summary judgment, that "he be permitted to amend the Complaint to name BayMark Health Services, Inc. as an additional party."

The district court held that, while "there are factual disputes about whether Plaintiff's employer was CHC or BHS, it is uncontested that Defendant had no employees and played no role in operating the Chicopee facility." Baez, 2024 WL 199650, at *3. Based on that undisputed fact, the district court granted summary judgment to BayMark Detox. because Baez failed to "establish all the necessary elements" of a Chapter 151B claim by failing to "demonstrat[e] that the entity he sued took an adverse employment action against him because of discriminatory animus or aided or

abetted such an action." Id. at *4 (citing Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 50 N.E.3d 778, 793 (Mass. 2016)). The district court also noted that Baez had "not cited any authority that would allow [the] court to impose Chapter 151B liability on Defendant simply because it is a subsidiary of BHS" and that Baez "addressed only two" of the "twelve factors a court must consider before disregarding corporate form" and so "f[e]ll far short of establishing a basis for th[e] court to disregard Defendant's corporate form." Id.

The district court also denied Baez's request to amend his complaint, noting that he "did not move to amend his complaint . . . prior to the October 28, 2022 deadline set in the Scheduling Order" or "seek leave to file a late amendment as soon as he learned through discovery that Defendant was not involved in operating the Chicopee facility" and so did not show "good cause for his delay in seeking to amend." Id.

Baez moved for relief from the judgment under Federal Rule of Civil Procedure 60(b), arguing that the district court should have applied what Baez said was the more lenient Massachusetts standard governing amendment of complaints because the parties were before the court on a state law claim based on diversity jurisdiction. The district court denied Baez's motion in an electronic order, "reject[ing] Plaintiff's assertion that a federal court sitting in diversity applies the procedural rules of

its forum state [as to amendment of the complaint] as opposed to the Federal Rules of Civil Procedure."

The district court awarded BayMark Detox. its court fees and the costs of transcripts as the prevailing party.

## II.

### A.

Baez argues to this court that the district court erred in granting summary judgment without engaging in the burden-shifting process set out in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), as incorporated into Massachusetts employment-discrimination law.[2] See Bulwer v. Mount Auburn Hosp., 46 N.E.3d 24, 32-33 (Mass. 2016) ("[A]n employee plaintiff may . . . survive [a motion for summary judgment] by providing 'indirect or circumstantial evidence [of discriminatory animus and causation] using the familiar three-stage, burden-shifting paradigm first set out in McDonnell Douglas Corp. v. Green.'" (third alteration in original)).

We review grants of summary judgment de novo. Cortés-Rivera v. Dep't of Corr. and Rehab. of P.R., 626 F.3d 21, 26 (1st Cir. 2010). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled

---

[2] Baez has not argued on appeal that the district court erred when it concluded that there was no reason to disregard the corporate form and impose CHC/BHS's alleged Chapter 151B liability on BayMark Detox.

to judgment as a matter of law. Id. Federal Rule of Civil Procedure 56(c) requires entry of summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The district court did not err in granting summary judgment to BayMark Detox. The district court had no reason to get into the sufficiency of Baez's evidence of discrimination because Baez's Chapter 151B claim failed for a more fundamental reason: that he did not name his employer as the defendant as Massachusetts law requires. See DeLia v. Verizon Commc'ns Inc., 656 F.3d 1, 4 (1st Cir. 2011) (holding that defendant "cannot be held liable under [Mass. Gen. Laws ch. 151B, § 4] because it is not [plaintiff]'s 'employer'").

In Roberts v. Delta Air Lines, Inc., 599 F.3d 73 (1st Cir. 2010), we noted that Massachusetts cases have determined that an employer can be defined by "who has direction and control of the employee and to whom . . . [the employee] owe[s] obedience in respect of the performance of his work." Id. at 77 (alteration in original) (quoting Fleming v. Shaheen Bros., Inc., 881 N.E.2d 1143, 1147 (2008)). It is undisputed that BayMark Detox., as a subsidiary of BHS separate and apart from CHC, exercised no control over Baez. Baez admits that he was not employed by BayMark Detox. and does not contest that "[his] tax records indicate he was

employed by CHC."³  It is similarly undisputed that "[BayMark Detox.] is an additional, distinct subsidiary of [BHS] and does not maintain any active operation in Massachusetts," and that BayMark Detox. does not have "any relationship employment-based or otherwise, to CHC or Baez."  BayMark Detox. is "a completely separate and essentially unrelated company that operates in different service lines that provide different types of treatment."  In light of these undisputed facts as to the lack of any relationship between Baez and BayMark Detox., it is clear that Baez's "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."⁴  Celotex Corp., 477 U.S. at 323.

**B.**

Nor did the district court err in denying either Baez's request to amend his complaint or his subsequent motion for relief from judgment, which alleged that the district court should have

---

³   As the district court correctly observed, the issue of whether Baez was employed by CHC or BHS is not material to the question of whether BayMark Detox. was Baez's employer.

⁴   Baez also appears to fault the district court for incorporating an analysis of Baez's entitlement to amend into its analysis of the motion for summary judgment.  We do not read the district court as having done so.  In our view, the district court first determined that Baez's claims, as pled, failed as a matter of law, Baez, 2024 WL 199650, at *3, then went on to analyze whether Baez was entitled to attempt to remedy that defect by amending his complaint, ultimately concluding that he was not, id. at *4.

applied Massachusetts' rules governing amendment of pleadings rather than the federal rules.  We review both "the denial of a motion to amend," United States ex rel. Kelly v. Novartis Pharms. Corp., 827 F.3d 5, 10 (1st Cir. 2016), and "the district court's decision to grant or deny relief under Rule 60(b)," Giroux v. Fed. Nat'l Mortg. Ass'n, 810 F.3d 103, 106 (1st Cir. 2016), for abuse of discretion.

    1.    Baez's Motion to Amend

Requests to amend a complaint are typically governed by Federal Rule of Civil Procedure 15, which permits a party to "amend its pleading once as a matter of course" and to make further amendments "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(1)-(2).  In these circumstances, "[t]he court should freely give leave when justice so requires."  Id. 15(a)(2).  But "when a litigant seeks leave to amend after the expiration of a deadline set in a scheduling order, Rule 16(b)'s more stringent good cause standard supplants Rule 15(a)'s leave freely given standard."  U.S. ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st Cir. 2015).  "We 'defer to the district court's hands-on judgment so long as the record evinces an adequate reason for the denial.'"  United States ex rel. Wilson v. Bristol-Myers Squibb, Inc., 750 F.3d 111, 119 (1st Cir. 2014) (quoting Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006)).

The district court did not abuse its discretion. Baez did not attempt to request leave to amend his complaint until more than a year after the October 28, 2022 deadline set by the magistrate judge's scheduling order. The district court had ample reason to find that Baez failed to "demonstrate good cause" to "amend his complaint at th[at] late date."[5] Baez, 2024 WL 199650, at *4; see U.S. ex rel. D'Agostino, 802 F.3d at 192.

Baez also "opted to amend [his] complaint through [his] opposition to defendants' motion for summary judgment, a practice this Court has routinely rejected." Katz v. Belveron Real Est. Partners, LLC, 28 F.4th 300, 309 (1st Cir. 2022).

We reject Baez's argument that "he had no choice but to pursue his claims against Defendant because BHS is not registered to do business in Massachusetts." Baez, 2024 WL 199650, at *3. Suit cannot be brought against the wrong defendant simply because the correct defendant, according to Baez, has not registered to do business within the forum state. See Fed. R. Civ. P. 4(h); Mass. R. Civ. P. 4(e); Mass. Gen. Laws ch. 223, § 38 (permitting service of process on foreign corporations "engaged in or soliciting business in the commonwealth").

---

[5] As to Baez's argument that CHC used its MCAD position statement to mislead Baez into believing that he had no choice but to name BayMark Detox. as the sole defendant, Baez misreads the position statement. The relevant language in the position statement merely reflects that CHC was not a subsidiary of BHS prior to its acquisition in 2017.

2. Baez's 60(b) Motion

As to the district court's denial of Baez's Rule 60(b) motion, "[a]buse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them." Giroux, 810 F.3d at 106 (quoting Bouret-Echevarría v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 43 (1st Cir. 2015)).

The district court correctly held that "Rule 16(b)'s more stringent good cause standard" applied. U.S. ex rel. D'Agostino, 802 F.3d at 192; see Baez, 2024 WL 199650, at *4.

Baez's argument that our decision in Trindade v. Grove Services, Inc., 91 F.4th 486 (1st Cir. 2024), required the district court to instead apply Massachusetts' standard for amendments is misplaced. It is unclear whether, on appeal, Baez intends to advance this argument in relation to the grant of summary judgment to BayMark Detox., or just his 60(b) motion. In either event, his argument is incorrect. In diversity cases, both requests to amend and motions under 60(b) to reconsider rulings on requests to amend are "governed by explicit federal procedural rules." Gwyn v. Loon Mountain Corp., 350 F.3d 212, 218 (1st Cir. 2003).

Trindade dealt not with a motion to amend but with Rule 15(c) of the Federal Rules of Civil Procedure, which governs relation-back of amendments. 91 F.4th at 494. The express

language of this rule states that a federal court should apply any "less restrictive state relation-back rules." Id. at 495 (quoting Morel v. DaimlerChrysler AG, 656 F.3d 20, 26 (1st Cir. 2009)).

## C.

Finally, the district court did not err when it granted BayMark Detox.'s bill of costs. The statute governing taxation of costs permits a judge to tax costs for, among other things, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The award or denial of costs is reviewed for an abuse of discretion. See 10 James Wm. Moore et al., Moore's Federal Practice § 54.100[4][b] (3d ed. 1997); see also B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 28 (1st Cir. 2008) ("We review the denial of . . . costs . . . for abuse of discretion."). "It is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at trial." Templeman v. Chris Craft Corp., 770 F.2d 245, 249 (1st Cir. 1985).

In an electronic order, the district court determined that the transcripts for which BayMark Detox. sought costs were "relied upon to support its motion for summary judgment" and therefore "necessarily obtained for use in this case." (quoting 28 U.S.C. § 1920(2)). Baez has not explained why these particular transcripts were not "necessarily obtained" other than to say that

they were not cited in BayMark Detox.'s motion for summary judgment.  Nor did Baez make any such argument before the district court below.  And contrary to Baez's assertion that BayMark Detox. bears the burden of proof, "[t]here is a background presumption favoring cost recovery for prevailing parties."  B. Fernandez & HNOS, Inc., 516 F.3d at 28.

The rulings of the district court are **affirmed**.  Costs are awarded to BayMark Detox.